Good morning, your honors, and may it please the court. I'm Michael Owens on behalf of plaintiff appellant Marggie Dicarlo, and with the court's permission, I'll plan to reserve three minutes for rebuttal. MoneyLion drafted an arbitration agreement that required consumers like Ms. Dicarlo to agree that they cannot, quote, act as a private attorney general in court or arbitration, and also they cannot join or consolidate claims, quote, involving any other person, and these are found at section 5D and E of the agreement, respectively. These provisions were so important to MoneyLion that it attached what parties have come to call a poison pill provision, which says that if either of them are ever deemed unenforceable, then the arbitration agreement will self-destruct and become null and void in its entirety. That language is found at section 10 of the agreement. Well, this turned out to matter a public injunctive relief in any forum, and that finding in turn renders, and I'm sorry, and that makes the arbitration agreements unenforceable under the California Supreme Court's decision in McGill versus Citibank, and then that finding in turn activates the poison pill clause and renders the arbitration unenforceable. Pardon me, may I interrupt you? Why can't she file an action seeking injunctive relief for herself and also for the public at large? Because when she seeks injunctive relief for the public at large, she's acting as a private attorney general. Is that a matter of law that any time any plaintiff seeks any remedy which benefit the public at large, the California law is that that person is classified as a private attorney general, and if so, I'd like a case that tells me so. Yeah, so Broughton and Cruz. Tell me the case that says that anybody a public injunction is automatically classified as a matter of law as a private attorney general. Cruz versus Pacific Care House, the California Supreme Court, and there the California Supreme Court says that, quote, in a public injunction action, a plaintiff acts in the purest sense as a private attorney general. So the court saying this is the purest embodiment of the concept, and we would submit that any definition of the term that would So here's the question I have about McGill, because McGill said that an individual proceeding under the UCL can obtain relief on behalf of the general public, but then because of the particular limitations on Prop 64's constraints on the UCL, it went out of its way to say that it was not being brought on behalf of the general public, the suit, and was not infringing on the attorney general's exclusive authority to do that and was not representing others. So that seems to suggest that there is a species of relief that is not being brought in a the relief on behalf of the general public but is not representative of the general public. So why isn't that the existence of that type of cause of action something that survives the bar on private attorney general here? So I'll push back on the premise of your question a little bit, your honor. That type of action is the classic private attorney general action. A private attorney general action doesn't need to be brought in a representative capacity. It doesn't need to, you know, a person who brings a private attorney general action doesn't borrow injury from the government or the public at large and represent in the sense that they're bringing the government's claim or bringing a claim that belongs to the general public. They're bringing suit over their own injury in fact, and that's precisely how, you know, the concept has been characterized throughout federal law under statutes like section 1983, environmental statutes like the Clean Air Act. All of those require individual injury in fact. You think that the individual cause of action here that is not brought on behalf of the general that's described in McGill and is not brought on behalf of the general public and is not brought in a representative capacity but seeks relief on behalf of the general public that that isn't a private attorney general action? That that is a private attorney general action, your honor, and we know that's true under California law because when Cruz characterizes a public injunction plaintiff as a private attorney general in the purest sense, it was describing, it was summarizing the courts prior holding in Broughton and so it was addressing a plaintiff under California's Consumer Legal Remedies Act, CLRA, and that's something that was unaffected by Proposition 64 which is the the the amendment that McGill's discussing in the passage as you're pointing to and the CLRA has always confined standing to injured plaintiffs only. That's a Cal Civil Code 1780 says any consumer who quote suffers any damage as a result of a violation can bring an action including a public injunction and so you know that's not a representative proceeding that's a proceeding that's designed to benefit the public but it's not brought necessarily in the public's name but nonetheless it's characterized by the California Supreme Court as a private attorney general action in the purest sense. Well then if we find this question about whether or not this McGill what the action in is described here whether that's a private attorney general action if you find that uncertain should we construe the contract so as to save it and read it as excluding that? Two points. I get that you're asking the if question but I don't think there's any ambiguity here because this is the purest sense of the concept is what the California Supreme Court is telling us is when an injured plaintiff seeks public injunctive relief you know and they're and they have standing based on their own individual injury but the second point is you know this isn't the only McGill waiver in this contract. Section 5e prohibits Mr. Carlo from bringing claims that quote involve any other person and in fact this is the most common type of McGill waiver that's been found in cases where the court has said that this were the court to reach that conclusion about the UCL claim you know it wouldn't apply to the other McGill waiver in this contract and it also wouldn't apply to the CLA claim which is an independent trigger of the McGill rule and it was undisturbed by Proposition 64 and it wasn't addressed in McGill's discussion of Proposition 64 that was confined to UCL claims and so Cruz and Bratton's characterization of the CLA plaintiff no matter what you know changes the Proposition 64 brought to the UCL remains good law and that and that standing has remained same from the time Cruz was rendered to the time Mr. Carlo brought her action in this court. So the other reason we know that private attorney general actions don't require individual standing is because of how they've been characterized as I mentioned by federal courts which under federal statutes like the Fair Housing Act and Section 1983 consumer statutes like the Fair Debt Collection Practices Act all of which require that the plaintiff suffered individual injury in fact and even if they didn't say that that would be implied by Article 3's standing requirements. So next I'll talk about this this Proposition 64 development that Moneylines has changed the definition of private attorney general and the court agreed at footnote 4. It did not. Proposition 64 in the preambulatory text that that Moneyline relies on doesn't even use the phrase private attorney general. It appears nowhere in that provision. It talked about the conduct of certain private attorneys who are abusing the UCL's then limitless standing provision. We know from historical record who these people were. They were particular attorneys who are doing things like trawling the internet for travel agents who didn't put their business license up and then suing them under the UCL under some made-up consumer protection organization that they just invented for the purpose of shakedown suits. So this isn't the you know broader concept of the private attorney general as the private enforcer of public rights that you used in as we note literally thousands of judicial opinions over the past 60 years. These are discrete bad acting attorneys and you know it was the Proposition 64 was a reform directed at their conduct not something that changed private attorney general actions forever. And we know this because California courts have continued to characterize UCL as a private attorney general action post Proposition 64. I'll point to one case and that's the Torgamon versus Nelson-Pinard that we cite at page 35 in our opening brief. The third point I'd like to emphasize here is that Moneyline's interpretation and with which the district court again adopted would lead to absurd results in the contract. The private attorney general waiver we know because it's connected to the poison pill clause was one of the three important provisions in the contract. It was one of three provisions that if that was deemed unenforceable it wouldn't be severed but the entire arbitration agreement would instead go away. And so this must mean something but when we pressed Moneyline on this in the briefing the only examples they could give us were this pre-Proposition 64 species of UCL claim and maybe PAGA claims. But that doesn't make any sense because this is an agreement that was in money as Moneyline notes in its opening brief the company wasn't even founded until 2013. So why would the parties be expecting to contract around some exotic species of UCL claim that doesn't exist you know didn't exist after 2004. And as for a PAGA claim it wouldn't make any sense that in a consumer facing financial services contract which is what this is that the parties would be making agreements and for you know what employment claims that they can bring. Why not just handle that in an employment contract? That's what the parties would reasonably expect. So the last point I would want to make is on this alternative McGill waiver here which is section 5e and it prohibits claims quote involving other any other person. So this is a you know incredibly broad word to describe the relationship between the claim that's prohibited and its relationship to others. It would have been sufficient if Moneyline's objective here was just to prohibit party joiner or bringing claims on behalf of others in a representative capacity to say something like you may not bring the claims of others or claims belonging to others. But they went a step further and said you can't bring claims that quote involve others and it's clear that a claim for public injunctive relief broad gauge public injunctive relief unquestionably involves others. But it also says it says the operative verb is join or consolidate. So you can't join or consolidate a claim involving you with claims involving another person. So it suggests that there is a distinction between the claims involving you and the claims involving the other person and that suggests or can be read to mean the claims of other persons and otherwise you're not joining it with something else and that that would seem to go on the other side of the line you just drew. Your honor there would be two types of joiner potentially implicated. One would be party joiner when you're bringing claims belonging to another party and bring another party in to claim joiner. So the way McGill formulates the post proposition 64 UCL claim is you have a standing to bring a private action and then in connection with that private action you see public injunctive relief. So that's that's tantamount to a claim joiner. Not because you could get injunctive relief that is just diffusely worded and indeed McGill said part of the reason why you know an individual could bring public in could bring public injunctive relief on and obtain it on behalf of the general public is that you might not be able to certify a class and and therefore there was a sort of diffusion aspect to it. But so that doesn't involve the claims of other persons in the classic paga sense where you're actually litigating somebody else's rights. Right it's a it's not a claim of another person it's your claim but it necessarily involves other other persons and this is a consequence of the definition of public injunctive relief. It must as a definitional matter be primarily benefiting other other persons. If it just incidentally benefits them in adjudication of an individual claim or private claim then it's not public injunctive relief. Right but this language in ease seems to suggest two sets of claims and the McGill action involving public injunctive relief doesn't seem to do that. That's my question. I'm not sure I quite understand it. So I mean you're saying that they by using the word involving any other person they went beyond just saying you know you're representing your claims and the claims of other persons. This is is different from that because it says involving and has a broader reach. Is that what your argument is? Correct yes. Okay and I'm where I'm having a question about that is the McGill cause of action where the individual person is bringing their own cause of action not on behalf of anyone else but is obtaining relief on behalf of the general public. I don't see how that fits the e-language because it's not two sets of claims being joined. Right so the way McGill formulates the public injunction is that you have standing as a result of your private injury. So you can bring a suit over your private injury and then in connection with that action which is tantamount to a you know joining of a different claim you can seek a you can assert a claim for public injunctive release and that's not allowed under section 5e because you would essentially be conducting a claim joiner one of which must have must what for one of the claims the remedy must be crafted exclusively to benefit or primarily to benefit other persons which is you know the language of the section d prohibition section e prohibition. Okay all right thank you I chewed up your time I'll give you two minutes in but we'll now from Mr. Puglisi did I pronounce that correctly? You did your honor. All right you may proceed thank you. Thank you good morning may it please the court my name is Fred Puglisi Shepard Mullen Richter in Hampton on behalf of the defendant in the appellee Money Lion. This case is pretty simple to me I think that the plaintiff agreed to arbitrate her claims and the district court order compelling arbitration should be affirmed. We start with simple undisputed facts because it's always to see what the good to see what the parties agree on. There's no dispute that the plaintiff signed an arbitration agreement. There's no dispute that the claims that plaintiff is asserting in its action fall within the definition of claims that they are allowed to arbitrate. That includes claims for injunctive relief that is expressly spelled out and in fact the arbiter is expressly authorized and I'll quote it to award all remedies available in an individual lawsuit including injunctive relief and that's sort of what we can agree on and there's no contesting that. Instead what my opponent argues is that because they are seeking public injunctive relief that agreement is unenforceable and you can see they are seeking public injunctive relief. I do not but it is irrelevant to my appeal or to his appeal because the district court did not deal with that issue. I do not think there but but that I can about that later. I don't view this as being public injunctive relief but that's really what they were all after. If that was the real remedy they were seeking they would have compelled arbitration. The point here is McGill which they're citing themselves expressly permits an individual to seek public injunctive relief in an individual action under the very statutes they're arguing about here. So you have California Supreme Court authority saying you can get public injunctive relief as an individual in these actions. You have an arbitration clause that includes any claim for an injunction and you have authority for the arbitrator to issue any injunction available in a public or excuse me in a in a. Their argument is that is that the action you know the individual action to get public injunctive relief is a private attorney general action and therefore barred under paragraph D is what's your response to that? I respectfully say that he is just dead wrong. McGill obviously is the most recent decision. He keeps going back Broughton and Cruz. Those are old. McGill was decided 10-15 years after those cases. I will quote the language in the McGill because I think it's important for the court to hear it. I will actually quote it that that literally obliterates their argument based on 5D and it's on page 959 of the McGill decision and that language says we conclude that these provisions do not preclude a private individual who has suffered injury in fact and has lost money or property as a result of a violation of the UCL or the false advertising law and who therefore has standing to file a private action from requesting public injunctive relief in connection with that action. The court then goes on to say a person who meets these requirements is filing the lawsuit or action on his or her own behalf not on behalf of the general public. The court their argument is that that acting as a public as a private attorney general goes beyond acting in a representative capacity and that that concept also includes the idea of obtaining relief on behalf of others. The McGill case makes clear that an individual has the right to seek a public injunction in an individual action. You don't have to certify a class. You don't have to be a private attorney general. That title is unimportant to the relief that you are entitled to see. What we're really ending up with here is just he wants a title and because he says I have that title and I want that title I should be allowed to get rid of what we agreed to. We agreed that I could seek an injunction that's available in an individual action. The law says I can get a public injunction in an individual action on the very claims I'm two very important features. One yourself your honor you raised which is the idea that under the FAA any presumption is supposed to be drawn in favor of arbitration not against it. We're not trying to interpret this to avoid arbitration. We're supposed to interpret it to find and enforce the arbitration clause. Here McGill allows what they're entitled to do we should do it. The second problem I have with it is if the court were to say no I think you know that this arbitration has to be conducted by a private attorney general to judge these points. There is no case that has ever held that as a matter of law. There's victa out there where they use loose language but there is no case that has ever said you must. I'll repeat it there is no case that says you must act as a private attorney general to bring these claims or to bring and seek a public injunction. That raises the preemption argument under the FAA too because if you think about it this contract gives this individual the right to seek a public injunction. So does the law under McGill the most recent case on California Supreme Court. So to sit here and say that even though the contract allows for it even though the law allows for it we're going to still say you get to avoid this contractual provision void it completely because we're going to say that you really have to be a private attorney general would clearly fall under the preemption and this is back to your argument about McGill and the language that you wrote. One of the points that your opposing counsel has made is that that holding that you read and that I adverted to only applies to the UCL and does not apply to the CLRA and that therefore the arguments don't extend to that statute. What is your response to that? I would again respectfully disagree with him. There is no difference between what the statutes and any other statute. McGill language relies very much on the specific language of Prop 64 including an uncodified provision. Is there a similar case that extends a similar reasoning to the CLRA? There are several cases at the district court level that we've talked about in our brief. There is no controlling authority on this court that has done that but there is also no controlling authority that says the opposite. There is nothing that has ever said you must act as a private attorney general to seek public injunctive relief under the CLRA and again if that was the ruling I would argue that it would be violating the FAA in two ways. One the construction clause and two the preemption clause. The other point my opponent raises is section 5E of the arbitration agreement and I really don't think that fares any better. That talks about the right to join or consolidate claims involving you with claims involving any other person. I think we generally as lawyers know what a joinder is. We deal with joinder in the civil procedure world. We deal with consolidation of claims in the civil procedure world. This is neither. Seeking a public injunction does not constitute the pursuit of claims on behalf of others and again I would cite the court to McGill on page 960 of McGill and I'll quote it. It says for several reasons we also conclude that a request for such relief and they're talking about public injunctive relief does not constitute the pursuit of claims on behalf of others. There is nothing, no court again that has actually addressed the issue other than McGill. You have loose language. I agree you'll have dicta out there all over the place but in terms of a court that's actually looked at it, McGill looked at it and said when you're seeking a public injunction you're not doing that on behalf of others and that is important here because again to disregard that would run exactly follow the same provisions I mentioned before. The FAA's provision that you're supposed to be interpreting this broadly in favor of arbitration as well as the preemption. There was also some comments made about the fact that you know we don't have anything in our briefs other than PAGA and some references to other cases or courts which I guess have dealt with an issue of private attorney generals. I am not an expert on the law of all 50 states. I'm a California lawyer. I've practiced 35 years in Southern California. That's the law I know. There are 50 glorious states out there. I don't know the law of all those states. I don't know if those other states have provisions similar to the old prop you know or the old excuse me 17 200 and 17 500 that allowed private attorney general actions nor do I know what the legislature whether it be in California or any one of our other 50 states 49 states is going to do in the future with regard to creating some right of some individual as a private attorney general. The fact that language is in a contract that would prohibit such a claim if one ever arose doesn't have to be given meaning in this case in order for you know the court to rule. It is a simple contractual provision which has no binding effect here because quite frankly we are looking at an individual case by one individual who is seeking relief including public injunctive relief that the law specifically allows for them to obtain in an individual action and really nothing more should be necessary. That was what the district court said and it said it several times on pages four and six of its ruling. It cited back to McGill on the fact that you have the right to do this as an individual and the contract gives you the right to obtain it as an individual. There's no basis therefore I would argue to overrule the district court and I would ask that this court affirm it. If the court has any further questions I know I have time left but you don't always have to take it so if you have other questions I'd be glad to answer. Curious about one background feature of the case everyone seems to agree be in agreement that this case is controlled by California law but there's language in the contract that says it's governed by Utah law. How is that that it says Utah and we're talking about California? You are absolutely correct your honor it does talk about Utah law. The claims that they are asserting here are California based claims and therefore the remedies that are available would be determined by California law on a California claim and that's why we've been I think both sides would say that's why we've been arguing about McGill and some of these other decisions because clearly if we had to if determining the viability of those California laws under causes of action under this provision if we had a question about the meeting of terms would that be governed by Utah law California law or has that been conceded that it's California law? It would be decided by the FAA right under the federal we're talking about an arbitration clause here the arbitration clause specifically says it is governed by the FAA so the rules of citation where it talks about the FAA being let's see here okay so the short answer is that with there's no no respect in which we'd ever have to look at Utah law here. Correct because it's section nine of the arbitration agreement that says that it's governed by the FAA so that to the extent we're interpreting the arbitration agreement that's the rules we should be looking Okay all right thank you. I appreciate you your honor. All right I asked you chewed up a lot of your time with questions so Mr. Owens I'll give you two minutes. Thank you your honor it is not the case that that no opinion has held outside of dicta that a public injunction action is a private attorney general action that characterization was essential to the holdings in both Broughton and Cruz. Broughton and Cruz together formulated a rule that claims for public injunctive relief were not arbitrable and that was the case because they are private attorney general actions in the words of those cases authentically bona fide private attorney general actions and in the purest sense. Now the Broughton Cruz rule has since been ruled preempted by the FAA but that has nothing to do with their characterizations of public injunctions particular ones particularly ones under the CLRA as being private attorney general actions so you know it's it's a characterization that was essential to the holding of of the California Supreme Court which the parties agree is the state law that governs this case. As a second point I would emphasize that not you know we point out in our brief that this term has been used in literally thousands of not just in other states but also in federal law and whenever it's used it's used to describe litigants who are suing over their own injury in fact so you know I get that my opponent here wants to dismiss the cases we cite as mere dicta or stray references but that's not the case for Broughton and Cruz and I would emphasize that Moneylion nor the district court have pointed you to a single case that says private attorney general is solely a matter of capacity do you bring claims that belong to the public or government or do you or is it sufficient that you bring individual claims that benefit them the the California Supreme Court and the clear consensus of courts who have used the term across the country is that you can bring a private individual suit and act as a private attorney general in the case of public injunctions you do so in the purest sense it looks like my time's up so unless there are any questions all right thank you counsel the case just argued will be submitted and that concludes our calendar for today and for this week thank you your honor hear ye hear ye all persons having had business with the honorable the united states court of appeals for the ninth circuit will now depart for this court for this session now stands adjourned
judges: Bea, Thapar, Collins